Supreme Court—Levin v. National Benj. Franklin Fire Ins. Co.

ANNA LEVIN v. NATIONAL BENJAMIN FRANKLIN FIRE
INSURANCE COMPANY ET AL.

Decided May 17, 1927.

Insurance—Fire—Application For Rule to Show Cause, All Ex-
ceptions Being Reserved—Allegations That Policy Had Been
Canceled Before Fire, That the Defendant's Agent was Also
Plaintiff's Agent, and His Acts Binding Upon Her, and That
There was No Legal Proof to Establish a Basis For Com-
putation of Damages, Were All Made a Basis For a Motion
For Nonsuit, Which Motion was Denied and to Which Ex-
ceptions Were Taken—Held, That it is Inadvisable in Con-
sidering Rule to Show Cause to Pass Upon Merit of These
Allegations—Held, Also, That it Cannot be Said That Find-
ing of Jury That Premium Had Been Paid was Against
Weight of Evidence.

On defendants' rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Mr. Justice TREN-
CHARD.

For the rule, *Richard Boardman.*

*Contra, Durand, Ivins & Carton.*

PER CURIAM.

This action was brought by Anna Levin against the de-
fendants, doing business as the Pittsburgh Underwriters, on
a policy of fire insurance. The trial resulted in a verdict in
favor of the plaintiff. The defendants thereupon applied for
and were allowed a rule to show cause why this verdict should
not be set aside; all exceptions being reserved.

The first contention is that this rule should be made abso-
lute because it appears without contradiction that the policy
in suit had been canceled some time before the loss occurred
and had, consequently, ceased to be a contract binding upon
the defendants at the time of such loss. It appears from

an examination of the state of the case that when the plaintiff closed her proofs there was a motion to nonsuit submitted by the defendants. This motion was denied, and an exception to the denial was allowed. One of the grounds upon which the motion was rested was that it affirmatively appeared that the policy was canceled prior to the occurrence of the fire, and had then ceased to be a binding contract upon the defendants. This question, consequently, is within the reservation of the rule, and for that reason we consider it inadvisable for this court to pass upon it.

The next ground urged for making the rule absolute is that it appeared by the greater weight of the evidence that the insured never paid the premium called for by the policy. This question was submitted to the jury, and their finding was contrary to this contention. We cannot say that such finding was so clearly against the weight of the evidence as to justify us in setting the verdict aside.

The next ground upon which counsel urges that the rule be made absolute is that the defendants' agent, Le Compte, who wrote the policy in suit, was in fact the agent both of the plaintiff and the defendants, and that his acts with relation to the issuing of the policy and the notice of cancellation were binding upon her. It is enough to say in disposing of this contention that it was submitted as one of the grounds upon which the motion to nonsuit was rested. This being so, for the reason already indicated, we consider it inadvisable to determine its soundness.

The only other ground for making the rule absolute urged on behalf of the defendants is that there was no legal proof to establish a basis for the computation of damages. But this was also made one of the grounds upon which the motion to nonsuit was rested, and for that reason we decline to consider it.

The rule to show cause will be discharged.